[Cite as *State v. Waller*, 2011-Ohio-2106.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :        Case No.   10CA3346

    vs.                                 :

MICHAEL WALLER,                         :        DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.                :

_____

APPEARANCES:

COUNSEL FOR APPELLANT:          Gene Meadows, 538 Sixth Street, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:           Mark E. Kuhn, Scioto County Prosecuting Attorney, and
                                Joseph L. Hale, Scioto County Assistant Prosecuting
                                Attorney, 602 Seventh Street, Room 310, Portsmouth, Ohio
                                45662
_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-11-11

ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment of

conviction and sentence.   A jury found Michael Waller, defendant below and appellant here,

guilty of harassment with a bodily substance in violation of R.C. 2921.38(A)&(D).

{¶ 2}   Appellant assigns the following error for review:

> "THE VERDICT AND DECISIONS OF THE TRIAL COURT IS
> AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE
> BECAUSE THE DEFENDANT-APPELLANT, MICHAEL

WALLER SHOULD HAVE BEEN FOUND INSANE." [SIC]

{¶ 3} On March 8, 2009, appellant was confined in the segregation block (the hole) at the Southern Ohio Correctional Facility (SOCF)in Lucasville.   That evening, Corrections Officers Michael Anderson and John McCoy began to search appellant's cell.   When they opened the cell door and ordered appellant to come outside to be handcuffed, appellant refused to obey the order.   Rather, appellant threw fecal matter at the officers.   Officer McCoy successfully dodged the projectile.   Officer Anderson, however, was less fortunate.

{¶ 4} The Scioto County Grand Jury returned an indictment that charged appellant with harassment with a bodily fluid in violation or R.C. 2921.38(A).   Appellant initially pled not guilty, but later sought to change that plea to not guilty by reason of insanity.   The trial court ordered an evaluation and scheduled a hearing to consider the insanity issue.

{¶ 5} At the hearing, Dr. Christopher Ray, a Shawnee Forensic Center board-certified psychologist, testified that he met with appellant at SOCF to perform competency and sanity evaluations.   Dr. Ray concluded that appellant had a "severe mental illness" (bipolar disorder), and that he had been off his medication for ten days at the time of the incident.   Nevertheless, Dr. Ray opined "with reasonable psychological certainty" that appellant knew "the wrongfulness of the acts charged."   In the report submitted to the court, Dr. Ray also opined that appellant is "capable of understanding the nature and objective of the proceedings against him and assisting counsel in his defense."

{¶ 6} On February 2, 2010, the trial court determined that appellant was aware of the wrongfulness of his action at the time he committed the offense and that he was competent to stand trial.

{¶ 7}   On March 8, 2010, the trial court conducted a jury trial.   After hearing the evidence, the jury found appellant guilty as charged.   The trial court sentenced appellant to serve twelve months in prison.   This appeal followed.

{¶ 8}   In his sole assignment of error, appellant asserts that "[t]he verdict and decisions of the trial court is against the manifest weight of the evidence."   Under his assignment of error, appellant argues that "[t]he manifest weight of evidence is clear the Defendant-Appellant" should have been found insane.

{¶ 9}   A criminal defendant's sanity is not an element of an offense that the prosecution must prove.   State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032, 2006-Ohio-160 at ¶35. Rather, insanity is an affirmative defense that a defendant must prove by a preponderance of the evidence.   Id.; State v. Taylor, 98 Ohio St.3d 27, 781 N.E.2d 72, 2002-Ohio-7017, at ¶ 64; also see R.C. 2901.01(A)(14) & R.C. 2901.05(A).   The accused must persuade the trier of fact that at the time of the commission of the offense the accused did not know, because of a severe mental disease or defect, the wrongfulness of the accused's acts.     Hancock at ¶35. Furthermore, once sufficient evidence of insanity is admitted at trial, a trial court must give a jury instruction for this affirmative defense.   Thus, the trier of fact, either the jury in a jury trial or the court in a bench trial, must determine the issue of insanity.     See e.g. State v. Armstrong, 152 Ohio App.3d 579, 789 N.E.2d 657, 2003 -Ohio-2154 at ¶¶13-18; State v. Howard, Warren App. No. CA83-07- 048, 2002-Ohio-3983, at ¶¶24-42; State v. Sudberry (Nov. 13. 2001), Butler App. No. CA2000-11-218.

{¶ 10}  In the case sub judice, the trial court properly ordered an evaluation and conducted a hearing to consider the results of that evaluation.   The evidence adduced at the hearing

revealed that appellant knew the wrongfulness of his acts. This is the standard that must be used

to prove insanity. See R.C. 2901.01(A)(14). Although appellant points to the trial court's

comments concerning some conflicts in Dr. Ray's testimony, the fact remains that Dr. Ray again

opined that appellant knew the wrongfulness of his acts. Thus, without contrary evidence, we

find no error with the trial court's conclusion in this matter.[1]

{¶ 11} For these reasons, we hereby overrule appellant's assignment of error and affirm

the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs

herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

---

[1] We additionally note that the issue of appellant's sanity was not raised at the jury trial. This fact is not surprising in view of the lack of evidence to support this argument. Moreover, our review of the trial transcript reveals that no instructions regarding appellant's sanity was given to the jury. Again, this fact is not surprising in light of the lack of evidence to support this view. Obviously, we cannot conclude that the jury, as the trier of fact, lost its way and that a manifest miscarriage of justice occurred when it heard no evidence on the subject of appellant's sanity.

Rules of Appellate Procedure.

Harsha, P.J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**<u>NOTICE TO COUNSEL</u>**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.